**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ANTHONY WHITES, a/k/a Marcus D.
Whites, a/k/a Anthony Chavalier
Whites,

            *Defendant-Appellant.*

No. 02-4959

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron M. Currie, District Judge.
(CR-02-83)

Submitted: May 1, 2003

Decided: July 3, 2003

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Strom Thurmond, Jr., United States
Attorney, Stacey D. Haynes, Assistant United States Attorney,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Anthony Whites appeals his conviction for possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no reversible error, we affirm.

Whites contends that the district court erred in denying his motion to suppress evidence seized from his residence because the search warrant affidavit was not supported by probable cause, and the good faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897 (1984), did not apply. We review a district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

We need not decide whether the search warrant application established probable cause to search Whites' residence because even if it did not, we conclude that the officers conducting the search properly acted in good faith reliance on the search warrant. *See Leon*, 468 U.S. at 897. Unlike the cases relied on by Whites, the search warrant affidavit in this case was not a bare bones affidavit. Although police were not familiar with the confidential informant from prior dealings, police conducted an independent investigation by interviewing Kelvin Hughes, who corroborated the informant's statement that Whites was involved in ongoing drug activities. *See United States v. Lalor*, 996 F.2d 1578, 1581 (4th Cir. 1993). Furthermore, the officers' submission of the search warrant application to an assistant solicitor prior to submission to a magistrate, and that both the assistant solicitor and magistrate concluded there was probable cause to search, was further evidence of the officers' objective good faith in this case. *See United States v. Clutchette*, 24 F.3d 577, 581-82 (4th Cir. 1994).

Accordingly, we affirm Whites' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*